# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MR SHOWERS, LLC, | § | |
| | § | |
| | § | Civil Action No. 4:21-CV-00520 |
| v. | § | Judge Mazzant |
| | § | |
| MR. SHOWER DOOR, INC. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant's Motion to Transfer or Dismiss (Dkt. #9).  Having considered the motion, the Court finds it should be **GRANTED in part and DENIED in part.**

## BACKGROUND

This case involves a trademark dispute between two businesses that make, sell, and install shower enclosures.  Defendant is based in Connecticut and has been a manufacturer in the shower enclosure and glass industry since 1981 (Dkt. #9, Exhibit 1 at p. 1).  Plaintiff remodels and installs showers (Dkt. #1 ¶ 10).  Plaintiff has been conducting its business in the Dallas-Fort Worth area since February of 2021 (Dkt. #1 ¶ 10).  Plaintiff was formed under the name "Mr Shower Doors, LLC" (Dkt. # ¶ 10).

On May 12, 2021, Defendant sent a cease-and-desist letter (the "Letter") to Plaintiff (Dkt. #1, Exhibit A).  In the Letter, Defendant asserted it owns several federal trademark regulations, one of which is for MR. SHOWER DOOR (Reg. No. 1,520,933) ("'933 Registration") (Dkt. #1, Exhibit A).  Defendant insisted that Plaintiff's business name, website, and various social media pages all violated Defendant's trademark rights (Dkt. #1, Exhibit A).  Defendant demanded Plaintiff take certain remedial steps or Defendant would proceed down alternative avenues to enforce its rights under the '933 Registration (Dkt. 1, Exhibit A).  On May 13, 2021, Plaintiff

communicated to Defendant that Plaintiff denied all infringement allegations but would nevertheless change its branding to "Mr Showers" (Dkt. #1 ¶ 18).   However, Defendant was concerned the change would not avoid the likelihood of confusion and asked Plaintiff to choose a different brand not containing "Mr Shower" (Dkt. #1, Exhibit B).   On June 16, 2021, Plaintiff changed its name to "Mr Showers, LLC" (Dkt. #1 ¶ 12).

On July 7, 2021 Plaintiff filed this action seeking declaratory relief, alleging: (1) non-infringement of Defendant's alleged trademark rights; (2) non-violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and (3); non-violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (Dkt. #1).

On September 7, 2021 Defendant moved to transfer the case for lack of personal jurisdiction or, in the alternative, dismiss for failure to state a claim (Dkt. #9).  On September 21, 2021, Plaintiff responded (Dkt. #11).  On September 28, 2021, Defendant replied (Dkt. #12).  On October 5, 2021, Plaintiff filed its sur-reply (Dkt. #13).

## LEGAL STANDARD

### *Personal Jurisdiction*

In determining whether there is personal jurisdiction over a non-resident defendant, a two-step analysis is conducted.  *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).  First, absent a controlling federal statute regarding service of process, the court must determine whether the long-arm statute of the forum state permits the exercise of jurisdiction.  *Id*.  Second, it must be determined whether the exercise of jurisdiction comports with due process.  *Id*.

The Texas long-arm statute extends to the limits of due process under the Constitution. *Command-Aire Corp. v. Ontario Mech. Sales and Serv., Inc.*, 963 F.2d 90, 93 (5th Cir. 1992).  As a result, the determination of a non-resident's amenability to personal jurisdiction under the Texas

long-arm statute is a federal style inquiry as to whether jurisdiction comports with federal constitutional guarantees. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990). To meet the requirements of the due process clause, the non-resident must have some minimum contacts with the forum which result from an affirmative act or acts, and it must not be unfair or unreasonable to require the non-resident to defend the suit in the forum state. *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985); *NTE Aviation, Lt. v. LIAT (1974) Ltd.,* 561 F. Supp. 2d 687, 689 (E.D. Tex. 2007).

Specific jurisdiction exists where the plaintiff alleges a cause of action which grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Elements which must exist for the court to exercise specific jurisdiction are: (1) the foreign defendant must purposely direct his activities at residents of the forum and (2) the cause of action must arise from or be connected with such activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 47273 (1985). Specific jurisdiction may be established if the defendant's conduct constituted only one act in the forum state and that act is substantially related to the suit. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). However, it is essential that in each case there is an act by which the defendant purposefully availed itself of the benefits and protections of the forum state. *Hanson v. Denkla*, 357 U.S. 235, 253 (1958).

Conversely, general jurisdiction occurs when "a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum . . ." *Helicopteros*, 466 U.S. at 414 n.9. General jurisdiction exists only when the defendant's contacts with the State constitute "continuous and systematic" general contacts with the forum. *Id*. at 416. It can hardly be said that a defendant who has continuous and systematic contacts within a given

state has not purposefully availed itself of the privileges and benefits of the laws of the state. However, general jurisdiction over a corporation is only appropriate where "the corporation is fairly regarded as "at home" such as in its "place of incorporation[] and principal place of business." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of establishing the district court's jurisdiction lies with the party seeking to invoke the court's jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When, as here, no evidentiary hearing is conducted, "the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Id.* (citation omitted). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve all factual disputes in favor of the plaintiff. *Id.* (citations omitted).

### Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**ANALYSIS**

**I.     Personal jurisdiction**

Defendant asserts jurisdiction cannot be established because of insufficient contacts with Texas  (Dkt. #9).  Plaintiff counters that it has "pleaded and shown that Defendant has established sufficient contacts with Texas" (Dkt. #11 at p. 6)

**A.   General Jurisdiction**

Neither party disputes that this Court lacks general jurisdiction over Defendant.  Defendant is incorporated under the laws of the State of Connecticut, and has its principal place of business in Stratford, Connecticut. (Complaint at ¶¶4–5).  A corporation is "essentially at home" where it has either its principal place of business or place of incorporation. *Goodyear,* 564 U.S. at 919.  Therefore, Defendant is not "essentially at home" in Texas and the Court may not exercise general jurisdiction.

**B.   Specific Jurisdiction**

"Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state."  *Helicopteros*, 466 U.S. at 414 n. 8.  For the Court to exercise specific jurisdiction, the Court must determine:

> (1) whether the defendant has minimum contacts with the forum state, i.e. whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King*, 471 U.S. at 474).  Defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King*, 471 U.S. at 475 (citing *Travelers*

6

*Health Assoc. v. Va.*, 339 U.S. 643, 647 (1950)).  Establishing a defendant's minimum contacts

with the forum state requires contacts that are more than "'random,' 'fortuitous,' or 'attenuated,'

contacts or of the unilateral activity of another party or a third person." *Id.*

Plaintiff argues that Defendant's communications—the Letter, a "threatening email," and

a request to Facebook to remove Plaintiff's Marketing Page—establish minimum contacts with

the forum (Dkt. #11 at p. 2).

### 1.   The Demand Letter

A demand letter threatening litigation, such as a cease and desist, is not enough to create

specific jurisdiction on its own.  *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,

921 F.3d 522, 542 (5th Cir. 2019);  *see also Cascade Corp. v. Hiab–Foco AB,* 619 F.2d 36 (9th

Cir.1980) (holding defendant did not, by sending demand letters alleging patent infringement to

defendant in forum state, submit to personal jurisdiction there in declaratory judgment action);

*Xtera Communs., Inc. v. TPACK A/S*, No. 2:09-cv-263-TJW-CE, 2010 WL 4118803, at *3 (E.D.

Tex. Sept. 1, 2010) (dismissing claim for declaratory relief for lack of personal jurisdiction because

"demands for payment sent to Texas were the result of the unilateral action of the plaintiffs");

*Thousand Trails, Inc. v. Foxwood Hill Prop. Owners Ass'n*, No. CIV.A. 3:98-cv-2843, 1999 WL

172322, at *3 (N.D. Tex. Mar. 22, 1999) ("[T]he vast majority of the courts have held that the

nonresident defendant's action in sending a demand letter to the plaintiff is insufficient to create

personal jurisdiction.").  Thus, the Letter alone is insufficient for this Court to exercise jurisdiction

over Defendant.

### 2.   The Email

Defendant's "threatening email" to Plaintiff (Dkt. #11 at p. 2), does not establish minimum

contacts in the forum either.  *Ham*, 4 F.3d at 415 (noting contacts that non-resident defendant has

with forum state must give rise to underlying dispute rather than merely provide an incentive to seek declaratory judgment); *see also Compana, LLC v. Emke*, No. 3–03–CV–2372–M, 2004 WL 2058782, at \*4 (N.D. Tex. Sept.15, 2004) ("Even if plaintiff were able to show that defendants threatened litigation through e-mails and phone calls, such contacts are insufficient to confer specific jurisdiction over defendants in this declaratory judgment action.").  To establish specific jurisdiction, there "must be 'other activities' besides sending letters threatening an infringement suit." *DNH, L.L.C. v. In-N-Out Burgers*, 381 F. Supp. 2d 559, 564 (E.D. La. 2005) (quoting *Silent Drive, Inc. v. Strong Indus., Inc*., 326 F.3d 1194, 1202 (Fed. Cir. 2003)).  Therefore, the email communications are insufficient to confer specific jurisdiction over the Defendant in this action.

### 3.  Facebook Request

Finally, Plaintiff points to Defendant's request to Facebook to take down Plaintiff's page (Dkt. #11 at p. 2).  The request went to Facebook's campus in Menlo Park, California. (Dkt. #9 at p. 4).  Facebook terminated Plaintiff's Marketing Page, resulting in a loss of 150 Facebook followers and forcing Plaintiff to "launch a marketing campaign to start over" (Dkt. #11 at p. 4).  Plaintiff argues that "the effect of Defendant's enforcement actions deliberately targeted Plaintiff and its business activities here in Texas" (Dkt. #11 at p. 4).  However, Defendant notes any impact the request to Facebook had would have related to Plaintiff's old branding (Dkt. #12).  Plaintiff has not pointed the Court to the termination of a new Facebook page, or removal of Plaintiff's content from Facebook, relating to the current brand, Mr Showers.

"Effects" jurisdiction arises when an act done outside a state has consequences or effects within the forum state, if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct.  *Moncrief Oil*, 481 F.3d at 314.  *Calder v. Jones* controls a jurisdictional analysis based on the "effects" of out-of-state conduct.  465 U.S. 783

(1984); *see also Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008).  In *Calder*, the Supreme Court upheld a California court's jurisdiction over Florida defendants because the "effects" of defendants' tortious conduct were "expressly aimed" at California, and the plaintiff felt the harm in California.  *Id.* at 789.

> Since *Calder*, the Supreme Court has revisited its decision and clarified its ruling:
>
> The crux of *Calder* was that the reputation-based "effects" of the alleged libel connected the defendants to California, not just to the plaintiff. The strength of that connection was largely a function of the nature of the libel tort. . . . [T]he reputational injury caused by the defendants' story would not have occurred but for the fact that the defendants wrote an article for publication in California that was read by a large number of California citizens. Indeed, because publication to third persons is a necessary element of libel, . . . the defendants' intentional tort actually occurred in California. . . . In this way, the "effects" caused by the defendants' article—*i.e.*, the injury to the plaintiff's reputation in the estimation of the California public—connected the defendants' conduct to California, not just to a plaintiff who lived there. That connection, combined with the various facts that gave the article a California focus, sufficed to authorize the California court's exercise of jurisdiction.

*Walden v. Fiore*, 571 U.S. 277, 287–88 (2014).  *Calder* remains good law, however, *Walden* "emphasizes that it is the defendant's contacts with the forum state, and not just the plaintiff, that must drive the personal jurisdiction analysis."  *Def. Distributed v. Grewal*, 971 F.3d 485, 495 (5th Cir. 2020).

"Effects" jurisdiction is rare.  *Moncrief*, 481 F.3d at 314.  The Fifth Circuit has declined to find jurisdiction based on conduct towards an individual where the conduct is not expressly aimed at the state.  *See Wercinski*, 513 F.3d at 486 ("We have declined to allow jurisdiction for even an intentional tort where the only jurisdictional basis is the alleged harm to a Texas resident."); *Wien Air Alaska*, 195 F.3d at 212 ("Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum.").  Defendant's request to Facebook attempting to enforce its trademark does not suggest Defendant purposefully availed

itself of the privilege of conduct activities in Texas or invoked the benefits of protections of Texas'

laws. *See Panda Brandywine Corp. v. Potomac Elec. Power Co¸* 253 F.3d 865 (5th Cir. 2001).

Nevertheless, the Fifth Circuit has found a court had jurisdiction over a nonresident

defendant based on the effects of a cease-and-desist letter, combined with other activities. *Grewal*,

971 F.3d at 496.  In *Grewal*, the Attorney General for the State of New Jersey sent a cease-and-

desist letter to a Texas business that published materials on the 3D printing of firearms. *Id.*  at

488–89.  The Fifth Circuit noted the cease-and-desist letter had a chilling effect on the plaintiffs'

first amendment rights, which caused them to cease publication of certain information to their

websites. *Id*. at 495.  The *Grewal* court concluded Texas courts had personal jurisdiction over the

out-of-state official because the attorney general sought to enforce New Jersey law and halt the

plaintiffs activity nationwide. *Id*. at 492.  *Grewal* is one of four cases where the Fifth Circuit has

analyzed jurisdiction based on the effect of a government official's cease-and-desist letter:

*Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476; *Stroman Realty, Inc. v. Antt*, 528 F.3d 382 (5th

Cir. 2008); and *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels*, 1 F.4th 346 (5th Cir. 2021)*.*

Notably, in each of the foregoing cases, the sender of the cease-and-desist letter was a

government official, rather than a private business like Defendant.  Furthermore, the Fifth Circuit

distinguished the facts in *Grewal* from the preceding decisions—all of which concluded

jurisdiction was absent—by emphasizing that plaintiffs' injury was more directly attributable to

the cease-and-desist letter.  971 F.3d at 495.  Here, Plaintiff argues the effect of the enforcement

action, removal of its Facebook Marketing Page, is sufficient to establish jurisdiction (Dkt. #11 at

p. 4).  Thus, the injury complained of does not arise from the cease-and-desist letter, but rather

from the request to Facebook.  Furthermore, unlike *Grewal*, Plaintiff has not ceased all activities,

rather Plaintiff voluntarily changed its branding and continues to conduct its business in the DFW area (Dkt. #1, Exhibit 2 at p. 2).

Given the distinguishing characteristics between *Grewal* and its progeny on the one hand, and the facts at bar on the other, combined with the rarity of "effects" jurisdiction, the Court may not exercise jurisdiction over Defendant based on the effects of a request to Facebook regarding Plaintiff's former branding "Mr. Shower Doors."

When considering all three jurisdictional contacts—The Letter, email to Plaintiff, and request to Facebook to remove the old Marketing Page—do not constitute sufficient "minimum contacts" to justify the exercise of personal jurisdiction over Defendant in this declaratory judgment action.

### C.  Transfer to District of Connecticut

Defendant argues that the case should be transferred to the District of Connecticut for lack of personal jurisdiction under 28 U.S.C. § 1631 (Dkt. #9 at p. 1).  Plaintiff argues transfer is not warranted because the Court has personal jurisdiction over the Defendant (Dkt. #11 at p. 9).  Because the Court finds it lacks personal jurisdiction over Defendant, it will now decide whether to dismiss for lack of personal jurisdiction, or to exercise its discretion and transfer this action to the District of Connecticut pursuant to 28 U.S.C. § 1631.

Section 1631 states:

Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . and the action or appeal shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631.  "The plain text of § 1631 indicates that it permits a district court to transfer an action when it lacks subject-matter jurisdiction, personal jurisdiction, or both." *Franco v. Mabe Trucking Co.*, 991 F. 3d 616, 621 (5th Cir. 2021).  Once a court determines it lacks jurisdiction, the statute empowers the court to decide "whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court . . . that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting 28 U.S.C. § 1631).

The Court concludes that a transfer is warranted.  Dismissal would "require a plaintiff to incur new filing fees and other costs, and a dismissal could raise issues regarding limitations." *TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 458 (N.D. Tex. 2017).  Furthermore, Defendant would not be unduly burdened, as the case would be tried where it has conducted business for many decades.  *Scoggins v. Dubrow*, No. H-20-3487, 2021 WL 4228609, at *12 (S.D. Tex. May 28, 2021).  It is therefore in the interest of justice to transfer this case the District of Connecticut, a court that would have personal jurisdiction over Defendant.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Transfer or Dismiss (Dkt. #9) should be **GRANTED** and it is **ORDERED** that this case is hereby transferred to the District of Connecticut.

**IT IS SO ORDERED.**

**SIGNED this 15th day of December, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

12